UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

SHANE ALBERT RICHARDS,               :

                                                 :        11 CV 1341 (HB)

                    Petitioner,          :        09 CR 562 (HB)

                                                 :        **OPINION & ORDER**

                    -against-           :

                                               :

UNITED STATES OF AMERICA        :

                                             :

                    Respondent.       :

-----------------------------------------------------------------------x

**Hon.  HAROLD BAER, JR., District Judge:**

       Pro se petitioner, Shane Albert Richards ("Petitioner"), brings this petition for a writ of habeas corpus to vacate, set aside, or correct his federal criminal sentence pursuant to 28 U.S.C. § 2255.  Petitioner is currently serving a term of 30 months in the custody of the United States Bureau of Prisons at Fort Dix, New Jersey, having pled guilty to one count of illegal reentry into the United States following a conviction for an aggravated felony in violation of 8 U.S.C. §§ 1326 (a) & (b)(2).  Upon release from imprisonment, Petitioner will be on supervised release for a term of 3 years.  For the reasons set forth below, the petition is denied.

## I.  Background

       Petitioner was convicted on September 29, 1995 in the Superior Court of California, San Bernadino County, for the possession of marijuana for sale in violation of California Health and Safety Code § 11359.  As a result of his conviction, Petitioner was removed from the United States on August 27, 1996 under the Immigration and Nationality Act (the "INA"), which dictates the deportation of an alien convicted of an aggravated felony. 8 U.S.C. § 1227(a)(2)(A)(iii).

       On June 3, 2009 Defendant was indicted in the District Court of the Southern District of New York for unlawfully, willfully, and knowingly entering the United States as an alien, without the consent of the proper authorities, in violation of 8 U.S.C. §§ 1326(a) & (b)(2).  Petitioner was convicted and sentenced in this Court on December 18, 2009, and appealed to the Second Circuit, which granted the Government's motion for summary affirmance on March 16, 2011.  Petitioner filed this motion on February 18, 2011, requesting that his immigration status be restored to prior to May 14, 1996, at which time he was an alien who had overstayed his six

month authorization to remain in the United States, and that his conviction under § 1326(b)(2) be overturned.

## II.  Discussion

In a § 2255 motion, a petitioner must show that his or her sentence: "(1) was imposed in violation of the Constitution or the laws of the United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Petitioner asserts (1) ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution, (2) that his conviction and sentencing violated the double jeopardy rule of the Fifth Amendment to the United States Constitution, (3) that his deportation proceedings violated the Due Process clause of the Fifth Amendment to the United States Constitution, (4) that the underlying conviction leading to his deportation was not aggravated, and therefore did not merit his removal, and (5) that because he was married to a U.S. citizen, he was eligible to adjust his immigration status and should not have been deported.

The Government responds (1) that Petitioner's guilty plea before this Court waived any non-jurisdictional defects in his conviction, (2) that Petitioner has alleged no facts to support his claim for ineffective assistance of counsel, (3) that Petitioner has failed to show any basis for challenging his underlying deportation proceeding, such that he cannot satisfy the mandates of 8 U.S.C. § 1326(d) limiting collateral attacks on underlying deportation orders, and (4) that there is nothing to suggest that Petitioner's aggravated felony conviction was unlawful or improper.

### A.   Effect of Petitioner's Guilty Plea

The Government correctly cites Supreme Court and Second Circuit precedent barring a defendant from bringing claims that challenge an underlying proceeding once he has pled guilty to the charge or charges against him. 06/01/2011 Mem. in Opp'n to Pet'r's Mot. to Vacate ("Opp'n Mem.") at 5; *see Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (establishing that when a defendant "has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea"); *see also United States v. Perez*, 330 Fed. Appx. 297, 299 (2d Cir. 2009) (holding that "[e]ven if [the defendant's] challenge to his conviction had substantive merit, he would be barred from bringing it now").

2

Although Petitioner is prohibited from contesting the underlying proceedings leading to his reentry charge, he can challenge "whether [his] guilty plea had been intelligently and voluntarily made with the advice of competent counsel." *United States v. Coffin,* 76 F.3d 494, 497-98 (2d Cir. 1996) (quoting *Tollett,* 411 U.S. at 267); *see also United States v. Blocker*, 269 Fed. Appx. 117, 120 (2d Cir. 2008) (establishing that defendant's guilty plea "waived any constitutional challenges to the . . . charge that he may have had prior to entering into the plea, barring a challenge to the voluntary or intelligent nature of the plea itself"). Unless Petitioner can show that he pled guilty as a result of ineffective assistance of counsel, as he claims in this motion, he cannot dispute the constitutionality of his aggravated felony conviction and deportation and overturn his illegal reentry conviction. For the reasons stated below, Petitioner cannot state a claim for ineffective assistance of counsel. Therefore, he is barred from bringing his remaining claims, which are also discussed and dismissed on independent grounds.

### B. Ineffective Assistance of Counsel

Petitioner brings a claim for ineffective assistance of counsel against Joseph Grob, his attorney before this Court. Although Petitioner does not make this allegation against Gerald Cobb, his California attorney, the Court will address and dismiss the merits of a potential claim.

"Where a defendant is represented by counsel during the plea process and enters a guilty plea upon his advice, a challenge to the validity of the plea based on ineffective assistance of counsel is governed by the two-part *Strickland v. Washington* test." *Tate v. Wood,* 963 F.2d 20, 26 (2nd Cir. 1992); *see also Hill v. Lockhart,* 474 U.S. 52, 58 (1985); *Fellouris v. United States*, 860 F. Supp. 97, 100 (S.D.N.Y. 2003). To state a claim for ineffective assistance of counsel under this test, Petitioner must show that (1) his counsel's representation fell "below an objective standard of reasonableness" measured under "prevailing professional norms," and (2) "there [was] a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984); *see also United States v. Kurti*, 427 F.3d 159, 163 (2d Cir. 2005).

The Court "'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' bearing in mind that '[t]here are countless ways to provide effective assistance in any given case.'" *United States v. Aguirre*, 912 F.2d 555,

3

560 (2d Cir. 1990) (quoting *Strickland*, 466 U.S. at 689).  Furthermore, "scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689.

On the facts in this motion, Petitioner would be unsuccessful in a potential claim for ineffective assistance of counsel as to Mr. Cobb.  Under *Strickland*'s first prong, Mr. Cobb's failure to alert Petitioner to the possibility of deportation as a result of a guilty plea to the aggravated felony charge would fall below the "objective standard of reasonableness." *See Padilla v. Kentucky*, 130 S. Ct. 1473, 1483 (2010) (holding that an attorney must advise his or her client if a conviction "will" or "may" lead to deportation).[1]  However, Petitioner failed to even allege that Mr. Cobb neglected to advise him of the immigration consequences of a plea. Petitioner also cannot demonstrate that the outcome of his proceedings would have been different but for Mr. Cobb's error and so satisfy prong two.  Petitioner offers no other basis to challenge his underlying drug conviction.

In Petitioner's current motion for ineffective assistance of counsel, he argues that Mr. Grob misled him and was only interested in Petitioner's guilty plea.  Petitioner also alleges that he "did not understand the process." *See* 02/18/2011 Pet'r's Mot. to Vacate ("Pet'r's Mot.") at 5. Petitioner presumably raises this claim in order to argue that had he not entered a guilty plea before this Court, he could have challenged the underlying aggravated felony conviction and deportation leading to his arrest for illegal reentry, claims which *Tollet* otherwise bars.

Petitioner cannot meet the standard established by *Strickland*.  Under the first prong, the reasonableness of counsel's representation, Petitioner fails to provide facts supporting his assertion that Mr. Grob "misled" him or showing that Mr. Grob sought a guilty plea out of Mr. Grob's own interest. Pet'r's Mot. at 5; *see United States v. Weichert*, 668 F. Supp. 125, 128 (N.D.N.Y. 1987) (dismissing an ineffective assistance claim when the defendant failed to "make an initial showing that his counsel's trial performance was deficient [and] . . . defendant's papers [were] . . . devoid of any factual evidence which would show the requisite deficiency").

---

[1] This issue of whether *Padilla* applies retroactively is not resolved by this opinion.  Courts to address the issue have reached different conclusions.  *Compare United States v. Marroquin*, No. M-10-156, 2011 U.S. Dist. LEXIS 11406, at *20 (S.D. Tex. Feb. 4, 2011) (*Padilla* applies retroactively); United States v. Chaidez, 730 F. Supp. 2d 896, 904 (N.D. Ill. 2010) (same), *with Mendoza v. United States*, No. 1:01cr214, 2011 U.S. Dist. LEXIS 35331, at *15 (E.D. VA Mar. 24, 2011) (*Padilla* does not apply retroactively); *Gacko v. United States*, No. 09-CV-4938, 2010 U.S. Dist. LEXIS 50617, at *6 (E.D.N.Y. May 20, 2010) (same).  This Court need not take a position as to *Padilla*'s retroactivity because as discussed above on the papers presented in this case, no *Strickland* violation is evident.

4

Furthermore, the transcript of Petitioner's plea allocution before this Court undercuts Petitioner's allegations against his attorney. *See* Transcript of Plea Allocution ("Plea Tr."), Ex. B to Opp'n Mem.  Petitioner agreed that he was "comfortable and satisfied with [his attorney's] representation and advice," Plea Tr., Ex. B to Opp'n Mem. at 5 and he pled guilty "voluntarily and of [his] own free will." Plea Tr., Ex. B to Opp'n Mem. at 11; *see Fellouris v. United States*, 860 F. Supp. 97, 100 (S.D.N.Y. 2003) (finding the movant's affirmative answers during his plea allocution were evidence against the validity of his ineffective assistance of counsel claim).  In sum, Petitioner fails to point to any behavior, acts or omissions revealing that his attorney's representation did not meet "an objective standard of reasonableness." *See Hill*, 474 U.S. at 56.

Even if Petitioner could satisfy *Strickland*'s first prong, he cannot establish the second, that without his attorney's misrepresentation "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  Here, Petitioner must show that "but for [his] counsel's errors, he would not have [pled] guilty." *United States v. Hernandez*, 242 F.3d 110, 112 (2d Cir. 2001).  Petitioner never states that he would not have pled guilty but for his attorney's advice, and Petitioner cannot prove that the outcome of his illegal reentry proceeding would have been different but for his allegedly erroneous guilty plea.

Lastly, Petitioner does not allege that Mr. Grob should have raised Mr. Cobb's potential ineffective assistance of counsel as a defense to his illegal reentry charge.  Although this claim might have merit, as Petitioner's illegal reentry charge arises from his aggravated felony conviction and subsequent deportation, Petitioner fails to make this argument, and as previously noted he fails to present evidence of Mr. Grob's alleged misrepresentation.  While the Court dismisses Petitioner's claim based on his inability to satisfy *Strickland*, the claim is dismissed without prejudice, should Petitioner develop evidence to support such allegations.

**C.  Analysis of Remaining Claims[2]**

Even had Petitioner not pled guilty in the illegal reentry proceeding, a challenge to his aggravated felony conviction and deportation would not have been outcome determinative. Petitioner asserts that his conviction and sentencing violated double jeopardy, that his underlying felony conviction was not an aggravated offense and thus did not warrant his deportation, that his

---

[2] The double jeopardy and aggravated felony conviction arguments are made in Petitioner's incorrectly named "Rule 56.(b) Summary Judgment" papers, submitted on July 1, 2011.  These papers were treated as reply papers.

deportation proceedings violated his Due Process rights, and that because he was married to a U.S. citizen he was eligible to change his immigration status.  Each claim is discussed in turn.

**1. Double Jeopardy**

Petitioner contends that his drug conviction sentence, issued by the California court, violated the double jeopardy clause of the Fifth Amendment to the Constitution.  The double jeopardy clause requires that "'all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction' [are] prosecuted in a single proceeding." *Spradling v. Texas*, 455 U.S. 971, 975 (1982) (citations omitted).  "While it is permissible to prosecute a defendant simultaneously on two or more counts charging offenses that are the same for double jeopardy purposes, [the double jeopardy clause protects a defendant] against multiple punishments for the same offense." *United States v. Irving*, 554 F.3d 64, 76 (2d Cir. 2009).

Petitioner alleges that the first of two charges against him was dropped, but that the court sentenced him as if he were guilty of both charges.  Petitioner points to no evidence demonstrating that the dropped charge was erroneously incorporated into the sentence he received on the second charge, possession for sale, or to otherwise prove that his double jeopardy protections were violated.  Petitioner's lack of evidence or even a legal basis for his allegations leaves this claim without merit.

**2. Aggravated Felony Conviction**

Petitioner was convicted in the Superior Court of California of the possession of marijuana for sale.  According to the INA, "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. 1227(a)(2)(A)(iii).  The definition of an aggravated felony includes "illicit trafficking in a controlled substance (as defined in section 802 of title 21)." 8 U.S.C. § 1101(a)(43)(B).  Section 802 of title 21, or the Controlled Substances Act, reads: "[t]he term 'controlled substance' means a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this subchapter." 21 U.S.C. § 802(6).  Marijuana is a schedule I drug under this Act.  *Id.* at § 812(b)(1).  The definition of an aggravated felony under the INA encompasses illicit trafficking in a controlled substance, including marijuana.

Petitioner argues that the amount he was charged with possessing, 28.5 grams, is too low to fall under the Controlled Substances Act, and so his offense was not an aggravated felony.  *See*

6

Pet'r's Mem. at 7.  This claim is without merit because the definition of an aggravated felony includes possession of marijuana for sale and is not limited by any amount requirement.[3] Because this was a conviction for marijuana sale, Petitioner is also not within the INA exception to deportability for conviction of possession of marijuana for personal use of 30 grams or less of marijuana. 8 U.S.C. § 1227(a)(2)(B)(i).

**3.**        **Validity of Deportation Order and Proceedings**

If Petitioner had not pled guilty and so had the opportunity to contest the constitutionality of his deportation before this Court, Petitioner would have been limited by 8 U.S.C. § 1326(d), which provides:

> In a criminal proceeding under [§ 1326], an alien may not challenge the validity of the deportation order . . . unless the alien demonstrates that—
> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
> (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d).

"The Second Circuit has unequivocally noted that the requirements of section 1326(d) are conjunctive and, as such, a defendant must establish all three in order to successfully challenge a deportation order." *United States v. Etienne*, No. 3-03-cr-190, 2004 U.S. Dist. LEXIS 11547, at *12-13 (D. Conn. June 23, 2004) (citing *United States v. Fernandez-Antonia*, 278 F.3d 150 (2d Cir. 2002)).

Petitioner attempts to meet the § 1326(d) requirements.  First he argues that he exhausted the available administrative remedies by attempting to reopen his case and submitting an appeal to the Board of Immigration Appeals in 2010. *See* Pet'r's Mem. at 8.  However, Petitioner was convicted in this Court on December 19, 2009.  He attempted to appeal his deportation *after* pleading guilty to illegal reentry.  Because Petitioner cannot prove that his attorney erroneously advised him to plead guilty to the reentry charge, Petitioner's guilty plea bars further challenges

---

[3] An alternative ineffective assistance claim might rest on Mr. Cobb's failure to recognize the § 1227 exception. Petitioner could claim that Mr. Cobb should have argued for a reduced charge of mere possession.  However, Petitioner's motion offers no evidence to show that Mr. Cobb's failure to do so qualifies as representation below an objective standard of reasonableness, or that Mr. Cobb would have been successful in this tactic.

to the underlying deportation order.  In any event, according to documents submitted by the Government, he waived his right to appeal and consented to deportation. *See* Immigration Court Calendar Worksheet, ("Worksheet"), Ex. E to Opp'n Mem.

Next, Petitioner asserts that he was denied the opportunity for judicial review because he was not before an immigration judge or officer on the day his deportation order was issued and that no one explained whether he was eligible for relief. *See* Pet'r's Mem. at 8.  The Government submits Exhibits D and E, an audio recording and Calendar Worksheet for Petitioner's deportation proceedings held on May 14, 1996, which undercut Petitioner's account.  *See* Audio Recording, Ex. D to Opp'n Mem.; Worksheet, Ex. E to Opp'n Mem.  According to these exhibits Petitioner was not only present for his hearing, but also waived any appeal and conceded his deportation.  Petitioner offers no other evidence to support his assertions.

Additionally, Petitioner claims, presumably to suggest that the order was fundamentally unfair under § 1326(d)(3), that he did not knowingly and intelligently waive his right to appeal or consent to deportation, his deportation was unrecorded and unauthorized, and the immigration agent misled him. Pet'r's Mem. at 4, 8.  Again, there is contrary evidence in the deportation documents, and Petitioner provides no other basis to challenge the fairness of his deportation.

Finally, under no particular subsection of § 1326(d), Petitioner challenges the "Order to Show Cause."  Petitioner alleges that this order was cancelled and not filed by the United States Immigration Service on December 1, 1995, that an immigration agent concealed that it had been cancelled, and that an order was then filed by an immigration agent on May 13, 1996, in violation of the Immigration Service standard.  Petitioner also argues that the charges on the Order to Show Cause were incorrect. Pet'r's Mem. at 7.  According to Exhibit C, a copy of the Order to Show Cause dated December 1, 1995, Petitioner received this order by personal service, and Petitioner signed and fingerprinted the order, acknowledging receipt. *See* Order to Show Cause, Ex. C to Opp'n Mem.  Petitioner's unsupported claims as to the order's validity or its compliance with Immigration Service standards are insufficient to convince this Court that the entry of his deportation order was fundamentally unfair.

Petitioner also asserts that he was unlawfully detained in an "immigration camp" from June 12 to August 27, 1996, in violation of his Fourth Amendment right against the unauthorized

8

detention of an alien.  While an unfortunate aspect of our immigration policy and present law, this fact is irrelevant to the legality of the order to deport Petitioner.

### 4. Petitioner's Alternative Right to Relief Would Have Failed

Petitioner argues that the Order to Show Cause erroneously charged him with "remain[ing] in the United States for a time longer than permitted" in violation of INA § 241(a)(1)(B). Pet'r's Mem. at 7.  He asserts that he "was married to a United States [c]itizen on December 13, 1992" and therefore was eligible to adjust his status under § 245 of the INA. *Id.* The Government points out that in order to change his status under § 245(a)(ii) of the INA, Petitioner would have had to satisfy eligibility requirements for permanent residence. *See* Opp'n Mem. at 16 and he was ineligible to do so under 8 U.S.C. § 1182(a)(2)(A)(I)(ii).

### III. Conclusion

For the reasons set forth above, Petitioner's petition for writ of habeas corpus is DENIED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  As the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.  28 U.S.C. § 2253.  The Clerk of the Court is directed to close this matter and remove it from my docket.  The Clerk of the Court is also directed to close Petitioner's incorrectly named "Rule 56(b) Summary Judgment" motion, as the issues raised therein are addressed in this opinion.

**SO ORDERED**
**September ___, 2011**
**New York, New York**

Hon. Harold Baer, Jr.
U.S.D.J.

9