UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SHANE ALBERT RICHARDS,                                :
                                                                              :        11 CV 1341 (HB)
                              Petitioner,                                :        09 CR 562 (HB)
                                                                              :        **OPINION & ORDER**
                 -against-                                                :
                                                                              :
UNITED STATES OF AMERICA,                          :
                                                                              :
                              Respondent.                             :
------------------------------------------------------------------------x

**Hon.  HAROLD BAER, JR., District Judge:**

      Before the Court are three pro se motions from Shane Albert Richards ("Petitioner"). The first, dated September 20, 2011, seeks Reconsideration of the Court's decision denying Petitioner's habeas petition and the second, dated October 3, 2011 seeks to "Amend Complaint/ Reconsider."  The third motion, dated November 28, 2011, is an addendum to the Motion to Reconsider.[1]  The Government responded to the first two motions pursuant to this Court's November 21, 2011 Order, with a short memorandum dated December 5, 2011.  Petitioner filed a reply on December 20, 2011.  A review of the background of this case is available in this Court's September 1, 2011 decision denying habeas relief. *Richards v. United States*, No. 11 Civ. 1341, 2011 WL 3875335 (S.D.N.Y. Sept. 1, 2011).  For the reasons set forth below, all three motions are denied.

**Discussion**

      Richards' motions fail to specify any particular Federal Rule of Civil Procedure under which they fall; however, because the first of these motions was filed within 28 days after final judgment was entered, and the other two appear to be additions to this first motion, they are deemed a single motion under rule 59(e) to alter or amend the judgment. *See United States v. Clark*, 984 F.2d 31, 32 (2d Cir. 1993) (explaining that a motion to reconsider a prior order denying habeas relief "is to be treated as a Rule 59(e) motion if filed within ten days of entry of the challenged order"); *see also* Fed. R. Civ. P. 59, Advisory Committee Notes (2009

---

[1] All the petitions will be very generously construed as motions for reconsider under Federal Rule of Criminal Procedure 59(e).

amendment) (noting that the ten-day period for filing under Rule 59(e) had been expanded to 28 days).[2]

The standards governing a motion for reconsideration under Rule 59(e) are strict, requiring denial "[w]here the movant fails to show that any controlling authority or facts have actually been overlooked . . . or attempts to advance new facts." *Thaler v. United States*, 706 F. Supp. 2d 361, 374 (S.D.N.Y. 2010) (citation omitted) ("A motion for reconsideration or re-argument shall be granted only if the court has overlooked controlling decisions or factual matters that were put before it on the underlying motion and which, had they been considered, might have reasonably altered the result before the court.") (quotation and citation omitted); *see also Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."); *Virgin Atl. Airways Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ("The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.") (quotation and citation omitted).

Each of Richards' three purported Motions to Reconsider fail to point to any "overlooked controlling decisions or factual matters that were put before it on the underlying motion and which, had they been considered, might have reasonably altered the result before the court." *Thaler*, 706 F. Supp. 2d at 374.  To the contrary, the petitions reargue claims that were previously made to and rejected by this Court, including but not limited to, arguments that defense counsel Joseph Grob was ineffective, that defendant was not present for his deportation

---

[2] Were I to instead treat Petitioner's motions as seeking amended or additional findings under Federal Rule of Civil Procedure 52(b), the three motions would still fail.  "A district court may grant a Rule 52(b) motion to 'correct manifest errors of law or fact at trial.' " *Muyet v. United States*, No. 01 Civ. 9371, 2005 WL 1337369, at *2 (S.D.N.Y. June 6, 2005) (quoting *United States v. Local 1804-1, Int'l Lonshoremen's Ass'n*, 831 F. Supp. 167, 169 (S.D.N.Y. 1993)).  Petitioner does not dispute facts in the record in such a way that he undermines any factual findings or legal conclusions.

Similarly, were I to treat Petitioner's two later-filed motions as distinct motions for relief from a judgment under Rule 60(b), they would also fail.  A motion falls under Rule 60(b) if filed more than 28 days from the challenged order. *See Clark*, 984 F.2d at 32.  The most likely of the grounds for a Rule 60(b) motion that Petitioner's claims would fall under are for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." Fed. R. Civ. Proc. 60(b)(2).  None of petitioner's claims satisfy this requirement.

proceeding, that defendant was not advised of his right to appeal, that the INS order to show cause was deficient, and that his underlying aggravated felony conviction did not render him removable. *See Richards v. United States*, 2011 WL 3875335.

I need not consider new arguments raised for the first time in these motions based on evidence previously available to Richards. "A motion to reconsider . . . is an improper means to raise new grounds for habeas relief that could have been presented in the earlier habeas proceeding." *Negron v. United States*, 394 Fed. Appx. 788, 793 (2d Cir. 2010); *Hunt v. Enzo Biochem, Inc.*, No. 06 Civ. 170, 2007 WL 1346652, at *1 (S.D.N.Y. May 7, 2007) (explaining that the party moving for reconsideration may not "advance new facts, issues or arguments not previously presented to the Court") (quoting *Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991)). However, these arguments are without merit in any event. Richards agues for the first time that he may have been eligible for a waiver of inadmissibility under INA § 212(h), which provides the Attorney General with discretionary authority to waive inadmissibility where it would cause "extreme hardship." 8 U.S.C. § 1182(h). INA § 212(h) expressly limits the Attorney General's discretion to provide such relief to cases of "simple possession of 30 grams or less of marijuana." *Id.* Richards was convicted of possession of marijuana for sale and so would have been ineligible for this relief.

Richards also attempts to raise, for the first time, a claim that his California attorney, Gerald Cobb, was ineffective. Richards points to no reason why he could not have raised this argument in his habeas petition, but even if these additional motions for reconsideration were the proper forum for this new claim, Richards has failed to present a claim for ineffective assistance. First, a defendant may not collaterally attack a prior state court conviction based upon allegations of ineffective assistance of counsel under *Strickland v. Washington*. *United States v. Buie*, 547 F. 3d 401, 405-06 (2d Cir. 2008) (noting that "collateral attack [of a prior state court conviction] is allowed only if the alleged constitutional violation rises to the level of failure to appoint counsel *at all*, a defect which will generally appear from the judgment roll itself, or from an accompanying minute order.") (internal quotations and citation omitted). *Buie* involved a collateral attack on a previous conviction in the context of 18 U.S.C. § 924(e), but courts have applied similar reasoning to bar collateral attacks upon aggravated felony convictions underlying prosecutions for illegal reentry as well. *See, e.g.*, *United States v. Rodriguez*-Perez, 428 Fed.

Appx. 324, 328 (5th Cir. 2011) ("[A]bsent specific statutory authorization to bring such a collateral attack in a later proceeding a claim of ineffective assistance of counsel does not provide a basis on which a defendant can collaterally attack a prior conviction on which his present conviction rests.").

More importantly, even were a collateral attack permissible here, as I found in my previous opinion, Richards has offered no support for a claim of ineffective assistance of counsel in connection with his underlying felony drug conviction that could possibly rise to the level of a *Strickland* violation. To state a claim for ineffective assistance of counsel under this test, Petitioner must show that (1) his counsel's representation fell "below an objective standard of reasonableness" measured under "prevailing professional norms," and (2) "there [was] a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 669, 688, 694 (1984). Richards' argument that Mr. Cobb should have "argued for a reduced charge of mere possession," Reply 3, certainly does not meet this standard as there is no evidence at all that such an argument would have been successful. *United States v. Kirsh*, 54 F.3d 1062, 1071 (2d Cir. 1995). ("[T]he failure to make a meritless argument does not rise to the level of ineffective assistance.").

## Conclusion

For the reasons set forth above, Petitioner's motion for reconsideration is DENIED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to close all three motions and remove them from my docket.

**SO ORDERED**
January 9, 2012
New York, New York

Hon. Harold Baer, Jr.
U.S.D.J.